UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDRE LEVESQUE,

                              **Plaintiff,**

                v.                                  5:15-CV-914
                                                           (FJS/TWD)

MAGISTRATE PEEBLES; MAGISTRATE
HUMMEL; ROBERT J. MULLER, Judge; and
JUDGE HURD,

                              **Defendants.**
_____

**APPEARANCES**                                         **OF COUNSEL**

**ANDRE LEVESQUE**
Inmate 12857
Northwest State Correctional Facility
3649 Lower Newton Road
Swanton, Vermont 05488
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## ORDER

      Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, against Defendants United States Magistrate Judge David E. Peebles, United States Magistrate Judge Christian F. Hummel, United States District Judge David N. Hurd, and New York State Supreme Court Justice Robert J. Muller. *See* Dkt. No. 1, Complaint. Plaintiff did not pay the statutory filing fee but, instead, filed an Application to proceed *in forma pauperis* and an Inmate Authorization Form. *See* Dkt. Nos. 3, 4.

      In his complaint, Plaintiff alleges that Defendants, all of whom are judges, violated his right to due process and equal protection of the law and had added to his "distress and the irrepritable [sic] harm" suffered during several judicial proceedings by failing to appoint an attorney, failing to

issue restraining orders, dismissing cases, and denying him a trial. *See id.* at 203. Plaintiff seeks substantial monetary relief. *See id.* at 5.

In an Order and Report-Recommendation dated October 13, 2015, Magistrate Judge Dancks found that 28 U.S.C. § 1915(g) barred Plaintiff from proceeding *in forma pauperis* and without prepayment of the filing fee. *See* Dkt. No. 6 at 3. Therefore, she denied Plaintiff's *in forma pauperis* application. *See id.*

Furthermore, after reviewing the merits of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b), Magistrate Judge Dancks concluded that this action was clearly frivolous, failed to state a claim and sought monetary relief from Defendants who were immune from such relief. *See id.* at 6. Magistrate Judge Dancks explained that, because all of the Defendants were judges, the doctrine of judicial immunity barred Plaintiff's complaint. *See id.* at 8. Therefore, she recommended that this Court dismiss the complaint in its entirety pursuant to 28 U.S.C. § 1915A(b). *See id.* at 9.

Finally, Magistrate Judge Dancks noted that, generally, when a *pro se* complaint fails to state a cause of action, a court should not dismiss the pleading without granting leave to amend when a liberal reading of the complaint provides any basis for finding that the plaintiff might state a valid claim. *See id.* (quoting *Cuoco*, 222 F.3d at 112). However, she explained that an opportunity to amend is not necessary where the problem with the plaintiff's complaint is substantive and better pleading would not cure that problem. *See id.* (quotation omitted). Finding that better pleading would not cure the defects with Plaintiff's complaint, Magistrate Judge Dancks recommended that this Court dismiss the complaint with prejudice and without leave to replead. *See id.*

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those

portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). "'If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.'" *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 (N.D.N.Y. 2008) (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)), *overruled on other grounds by Widonski v. State Univ. of N.Y. at Orange*, 748 F.3d 471 (2d Cir. 2014). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

On October 28, 2015, the Court received Plaintiff's objections to Magistrate Judge Dancks' recommendations. *See* Dkt. No. 8. The Court has reviewed those objections and finds them to be conclusory and without merit. Moreover, the Court finds no error in Magistrate Judge Dancks' Order and Report-Recommendation. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' October 13, 2015 Order and Report-Recommendation, *see* Dkt. No. 6, is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED in its entirety with prejudice** pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Dated: November 3, 2015
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge